**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**SANDRA HOLLOWAY, INDIVIDUALLY AND FOR**
**AND BEHALF OF ROOSEVELT LEISURE**                              **PLAINTIFF**

**V.**                                                                              **NO. 3:05CV7**

**HOLLY SPRINGS HEALTH CENTER**
**ASSOCIATION, INC., et al**                                              **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiff to voluntarily dismiss this action without prejudice.[1] In seeking dismissal of her lawsuit, plaintiff submits that she now recognizes that she may have failed to comply with procedural prerequisites for filing a medical malpractice action in this state, in particular the 60-day notice requirement adopted by the Legislature as part of the 2002 tort reform enactments. *See* Miss. Code Ann. § 15-1-36. Plaintiff submits that this action should be dismissed without prejudice so that she may now comply with these new requirements. Defendants, in turn, argue that any dismissal of this action should be with prejudice, and they submit that plaintiff's true motivation is to seek a non-diverse defendant to sue, thus defeating removal jurisdiction in any subsequent action. Defendants provide no proof in support of this assertion, however, and the fact remains that plaintiff will only be able to defeat removal jurisdiction in any subsequent action if she seeks relief against a non-diverse defendant against whom a reasonable possibility of recovery exists.

At any rate, the court agrees with plaintiff that dismissal without prejudice is the appropriate remedy for her apparent failure to comply with the procedural requirements set forth

---

[1] This motion was set forth in plaintiff's response to the motion to dismiss filed by defendants, but plaintiff's motion does not appear to have been docketed separately.

in § 15-1-36, and her motion to voluntarily dismiss this action will therefore be granted. Defendant Arlene Dawson's motion [7-1] to dismiss the action against her with prejudice is dismissed without prejudice.[2]

It is therefore ordered that plaintiff's motion to voluntarily dismiss this action without prejudice is granted. A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this 15th day of September, 2005.

               /s/ Michael P. Mills
               **UNITED STATES DISTRICT JUDGE**

---

[2] This dismissal of Dawson's motion to dismiss is due partly to mootness and partly to the fact that Dawson seeks to convert what was initially filed as a 12(b)(6) motion to a motion for summary judgment, without meeting the procedural and evidentiary requirements for same. At the same time, the court trusts that if, as Dawson submits, she had nothing to do with the events described in this lawsuit, she will not find herself as a defendant in any subsequent action filed by plaintiff.